**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL LLAMAS-LOPEZ, | No. 17-70292 |
| Petitioner, | |
| v. | Agency No. A024-101-784 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020[**]
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Petitioner asks this court to reverse a Board of Immigration Appeals ("BIA") final removal order and remand for further proceedings. The parties are familiar with the facts, so we do not recite them here. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

§ 1252.

1.     Petitioner first argues that the Immigration and Naturalization Act ("INA") violates the Fifth Amendment's Equal Protection Clause to the extent that the statute sets out different grounds for deportation and inadmissibility determinations.  To prevail, Petitioner must establish that deportable and inadmissible individuals are similarly situated.  *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (citing *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  In addition, Petitioner must show that the challenged statutory classification is irrational and must negate every conceivable basis that might support the relevant distinction.  *See Aguilera-Montero v. Mukasey*, 548 F.3d 1248, 1252 (9th Cir. 2008) (citing *de Martinez v. Ashcroft*, 374 F.3d 759, 764 (9th Cir. 2004)).

Aliens in deportation proceedings are located within the territorial jurisdiction of the United States.  *See Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).  In contrast, although non-citizens who apply for admission may be physically allowed into the country, in the eyes of the law, they are detained at the border and have not yet "entered" the United States.  *See id.*  (citing *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1450 (9th Cir. 1995) (en banc)).  Because deportable aliens and non-citizens seeking admission are not similarly situated, the immigration laws may treat them differently without violating the Constitution.  *Id.*  (citing *Servin-Espinoza v. Ashcroft*, 309 F.3d 1193,

2

1198 (9th Cir. 2002)). As such, Petitioner's Equal Protection Clause argument fails.

In addition, this court has articulated a rational basis for immigration laws that treat aliens in deportation proceedings differently from non-citizens who apply for entry. *See Abebe v. Mukasey*, 554 F.3d 1203, 1206 (9th Cir. 2009) (en banc) (per curiam). Congress could have restricted eligibility for immigration relief to aliens who seek admission from abroad to incent deportable non-citizens to leave the country. *See id*. And "[b]y encouraging such self-deportation, the government could save resources it would otherwise devote to arresting and deporting these aliens." *Id*. As a result, Petitioner's Equal Protection Clause challenge to his final removal order is meritless. *See id*.

2.     Petitioner also calls this court's attention to a 1991 plea deal that maintained his eligibility to apply for relief under the former INA § 212(c) during immigration proceedings implicating that conviction. Petitioner seemingly contends that this agreement preserved his right to freely depart from, and return to, the United States, thus precluding entry of a final removal order in his immigration case. But the Immigration Judge ("IJ") allowed Petitioner to request INA § 212(c) relief. Therefore, the terms of Petitioner's plea deal were complied with. And the fact a plea deal preserves an individual's right to seek INA § 212(c) relief does not require immigration judges to grant such applications. For these reasons, Petitioner's 1991 plea deal cannot justify reversal of the BIA.

3

3.     Lastly, Petitioner insists that the IJ and BIA wrongly ignored the multi-factor test set out in *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978), in denying him discretionary immigration relief.  Accordingly, Petitioner asks this court to reverse that decision on the merits.  Here, this court must decide if Petitioner raises a colorable legal challenge to that refusal to grant discretionary relief.  *See* 8 U.S.C. §§ 1252(a)(2)(B)–(D).  Legal challenges to denial of discretionary immigration relief are colorable only if they possess "some possible validity." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quoting *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005)).  Otherwise, this court does not have jurisdiction to review the merits of such decisions.  *See id.*

The IJ cited *Matter of Marin*'s test in addressing Petitioner's entitlement to discretionary relief.  In an eight-page analysis, the IJ examined whether the *Matter of Marin* factors favored Petitioner and concluded that they did not.  Further, the BIA referred to the *Matter of Marin* test in upholding the IJ's rejection of Petitioner's application for discretionary relief.  Because Petitioner's legal attack on the denial of his request for discretionary relief lacks "some possible validity," this court does not have jurisdiction to review the merits of that decision.  *See Mendez-Castro*, 552 F.3d at 978.

For the foregoing reasons, the BIA is **AFFIRMED**.